**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 2000**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PAULETTE GADLIN, as Personal
Representative, and BERNELL
RICCATONE,

        Plaintiffs-Appellants,

v.

SYBRON INTERNATIONAL
CORPORATION, a Wisconsin
corporation; SYBRON DENTAL
SPECIALTIES, INC., a Delaware
corporation; KERR CORPORATION,
doing business as Kerr Dental
Corporation, a Delaware corporation;
and METREX RESEARCH
CORPORATION, a Wisconsin
corporation,

        Defendants-Appellees.

Nos. 98-1392 &
98-1399

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 97-N-2330)**

---

James F. Scherer, P.C., Denver, Colorado (Sisto J. Mazza, Trinidad, Colorado,
with him on the brief for Plaintiff-Appellant Bernell Riccatone), for Plaintiffs-
Appellants.

Carolyn L. McIntosh and George R. Coe, Patton Boggs, L.L.P., Denver, Colorado, for Defendants-Appellees.

---

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Plaintiffs Paulette Gadlin and Bernell Riccatone brought this wrongful death action in federal district court on October 30, 1997, alleging that Defendant Sybron International Corporation was liable for the deaths of Ms. Gadlin's mother and Ms. Riccatone's husband. In their amended complaint Plaintiffs pleaded jurisdiction based on diversity; and in their second amended complaint, they added Defendants Sybron Dental Specialties, Kerr Corporation, and Metrex Research Corporation. Each defendant filed a motion to dismiss. Arguments supporting these motions included lack of personal jurisdiction, expiration of the statute of limitations, and lack of subject matter jurisdiction.

Following jurisdictional discovery, the district court found that Plaintiff Gadlin was a Wyoming resident and Plaintiff Riccatone, a Colorado resident. Of the defendants, the court found that Sybron International was a Wisconsin corporation with its principal place of business in Wisconsin; Sybron Dental, a Delaware corporation with its principal place of business in California; and Kerr

Corporation, a Delaware corporation with its principal place of business in California. The court also determined that Metrex was registered in Wisconsin but that it was a citizen of Colorado because Colorado was its principal place of business. See Gadlin App. at 276-77. The record indicates that Sybron International is a holding company that owns Sybron Dental, that Sybron Dental owns Kerr, and that Kerr owns Metrex.

Without ruling on whether it had subject matter jurisdiction, the district court dismissed the complaint against Sybron Dental, Kerr, and Metrex, holding that the complaint was barred by the statute of limitations. See id. at 279. The court dismissed the complaint against Sybron International for lack of personal jurisdiction, observing that this was an additional reason for dismissing the claims against Sybron Dental and Kerr. See id. at 279-80.

Plaintiffs timely appealed, challenging the court's statute of limitations holding.[1] Ms. Gadlin argues that the district court erred in determining that the amended complaints did not relate back to the original filing pursuant to the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. Ms. Riccatone argues that, instead of addressing the statute of limitations, the district court should have dismissed the action for lack of diversity.

---

[1]Appellants filed separate appeals. Those appeals were consolidated for procedural purposes only by this court's order dated January 25, 1999.

Our review requires that we determine the appropriate sequence for addressing the issues presented by this case. We rely on two recent Supreme Court opinions, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999), and Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). With possible exceptions not applicable here, these cases hold that "jurisdiction generally must precede merits in dispositional order." Ruhrgas, 526 U.S. at 577; see Steel Co., 523 U.S. at 101-02. "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." Ruhrgas, 526 U.S. at 577. While "there is no unyielding jurisdictional hierarchy" requiring federal courts to sequence one jurisdictional issue before the other, id. at 578, "in most instances subject-matter jurisdiction will involve no arduous inquiry" and "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." Id. at 587-88. However, a court does not abuse its discretion if it addresses personal jurisdiction first in a case where alleged defects in subject matter jurisdiction raise difficult questions but the personal jurisdiction issue is straightforward and presents no complex questions of state law. See id. at 588.

In the case before us, the issue of subject matter jurisdiction is not unusually difficult. In accordance with Supreme Court precedent, we therefore

address that question first. Article III of the United States Constitution gives Congress the power to vest jurisdiction in the federal courts over controversies between citizens of different states. Congress first authorized the exercise of diversity jurisdiction in the Judiciary Act of 1789. In its current form, the diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Since its enactment, the courts have consistently interpreted it to require complete diversity, i.e., "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' . . . only if there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998); see Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). But cf. Fed. R. Civ. P. 21; Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832, 837 (1989) (holding that Rule 21 gives appellate, as well as district courts, authority to dismiss nondiverse parties in order to cure jurisdictional defects).

For diversity purposes, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business, a court should look to the "total activity of the

company" or the "totality of the circumstances," considering "the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations." Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915 & n.2 (10th Cir. 1993). The court's determination is a question of fact that we review for clear error. See id. at 914.

In the instant case, Plaintiff Riccatone is a citizen of Colorado. The pivotal issue is the citizenry of Defendant Metrex. At least one of the plaintiffs argued that Metrex's administrative headquarters were located in California and that it was a citizen of that state. The district court noted that the only evidence of the California location was the testimony of the company's president who listed his address as Orange, California. Against that, evidence was presented that thirty-six of Metrex's forty-six employees worked in Colorado and that its manufacturing, production, and distribution facilities were located in Parker, Colorado. Based on the record before us, we conclude that the district court did not clearly err when it found that Colorado was Metrex's principal place of business and therefore its residence for diversity purposes. As a result, we must conclude that diversity is not complete and that neither this court nor the district court has jurisdiction to address the issues presented on the merits. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (holding that "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at

any stage of the proceedings in which it becomes apparent that jurisdiction is lacking" (emphasis omitted)).

Having determined that Supreme Court precedent counsels that we address subject matter jurisdiction before personal jurisdiction in this case and having concluded that subject matter jurisdiction is lacking, we need not address the district court's rulings on personal jurisdiction. Further, we do not address the application of the statute of limitations. While at least one party has argued that the statute of limitations is a procedural rather than a substantive matter, the lack of subject matter jurisdiction precludes our ruling on that issue.[2]

We therefore VACATE the judgment and REMAND to the district court with instructions to DISMISS the complaint.

---

[2]By our decision and mandate, we are in effect denying Plaintiff Gadlin's motion to remand this case to the district court to determine whether to allow a dispensable nondiverse party to be dropped pursuant to Fed. R. Civ. P. 21.