**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORIENT MINERAL, a Nevada
corporation,

      Plaintiff-Counter-Defendant-
      Appellee,

v.

DAVID YUE, aka YIAOQUN YUE;
SAREN GAOWA,

      Defendants,

 and

BANK OF CHINA, a foreign Banking
Institution doing business in the United
States,

      Defendant-Cross-Claimant-
      Appellant.

No. 99-4174
(D.C. No. 98-CV-238)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **McWILLIAMS**, Circuit Judge, and **ALLEY**[**], Senior

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Wayne E. Alley, Senior District Judge of the Western District of
Oklahoma, sitting by designation.

District Judge.

On April 3, 1998, Orient Mineral Company ("Orient"), a Nevada corporation, filed a complaint in the United States District Court for the District of Utah, naming as defendants the Bank of China ("Bank"), described in the caption of the complaint as a foreign banking institution doing business in the United States, David Yue and Saren Gaowa. The Bank was identified in the body of the complaint as a foreign banking institution doing business in the United States with its main office in Los Angeles, California.[1] David Yue is described in the complaint as a citizen of the People's Republic of China, who was residing in Utah and owned property in Utah, and Saren Gaowa is described as the spouse of David Yue and was also residing in Utah. It was alleged in the complaint that jurisdiction was based on diversity of citizenship, 28 U.S.C. §§ 1331 and 1332, and that the amount in controversy exceeded $100,000.00. For the purposes of this order and judgment, we need not set forth the four causes of action asserted by Orient against the defendants.

After answering the complaint[2], the Bank filed a motion pursuant to Fed. R. Civ. P.

---

[1]On appeal, it is apparently agreed that the Bank is wholly owned by the People's Republic of China, and is therefore an agency or instrumentality of a "foreign state," and, being such, a "foreign state" under the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1603.

[2]By amended answer, the Bank alleged, *inter alia,* that the district court lacked subject matter jurisdiction and personal jurisdiction over it and that the purported service of process was insufficient.

12(c) asking for judgment on the pleadings based on the following: (1) the district court lacked subject matter jurisdiction and personal jurisdiction under FSIA, 28 U.S.C. §§ 1330, 1604; (2) venue was improper under FSIA, 28 U.S.C. § 1391(f); and (3) service of process on the Bank was insufficient under FSIA, 28 U.S.C. § 1608 and the Hague Convention. In support of that motion the Bank filed a memorandum brief with supporting affidavits, to which Orient filed a brief in opposition.

On July 19, 1999, the district court held that it did have subject matter jurisdiction over the controversy, and that venue was properly in Utah, but that there was no proper service of process on the Bank. In this latter connection, Orient had purported to serve the Bank by serving the Chinese Consulate of the People's Republic of China located in San Francisco, California. The district court held that such did not comport with 28 U.S.C. § 1608(b), and that the Bank had not "waived its objections to service by filing the pleadings it has filed to date." The district court concluded by granting that part of the Bank's motion for judgment on the pleadings "to the extent that it is based upon insufficient service of process" and in connection therewith quashed the purported service of the Bank by service on the Chinese Consulate in San Francisco. In this regard, the district court granted Orient 30 days within which to effect service of process pursuant to 28 U.S.C. § 1608(b), with the proviso that "if service is not accomplished within that time, the complaint shall be deemed dismissed as against the Bank of China, without

prejudice."[3]  However, the district court, at the same time, went on to deny the Bank's

motion insofar as it sought a determination by the district court that it lacked subject

matter jurisdiction.

On August 18, 1999, the Bank filed a notice of appeal wherein it appealed that part

of the district court's order of July 19, 1999, denying the Bank's motion for judgment on

the pleadings on the ground that the district court lacked subject matter jurisdiction under

FSIA.  28 U.S.C. § 1604.  In its notice of appeal, the Bank asserted that the district

court's order as concerns the immunity issue was "immediately appealable," citing *U.S. v.*

*Moats,* 961 F.2d 1198 (5th Cir. 1992) and *Stena Rederi AB v. Comision de Contratos del*

*Comite,* 923 F.2d 380 (5th Cir. 1991).[4]

In this court, both Orient and the Bank are only concerned with the question of

whether the district court erred in concluding that it had subject matter jurisdiction under

the "direct effect" prong of FSIA's "commercial activity" exception.  28 U.S.C. §

1605(a)(2).  Our initial concern was whether we needed to address that issue, since it

appeared from the record before us that Orient had not effected valid service of process

---

[3]On August 12, 1999, Orient filed a motion in the district court to extend the time up to and including December 31, 1999, to file its return of service of process on the Bank.  That motion was granted by the district court on August 18, 1999.  The record before us does not indicate that any return of service of process was filed on or before December 31, 1999, or at any time thereafter.

[4]Orient did not file a cross-appeal of that part of the district court's order of July 19, 1999, quashing its purported service of process on the Bank.  Yue and Gaowa are not parties to this appeal.

- 4 -

on the Bank. In other words, if there was no valid service of process on the Bank, we were doubtful of any necessity to grapple with the question of subject matter jurisdiction. *Gadlin v. Sybron International Corp.,* 222 F.3d 797 (10th Cir. 2000). Accordingly, on September 18, 2000, we issued an Order to Show Cause, directing the parties to show within 30 days why this appeal should not be dismissed, and the case remanded to the district court with directions that it vacate that part of its order of July 19, 1999, wherein it held that there was subject matter jurisdiction. On October 17, 2000, Orient filed a response to our show cause order. On October 23, 2000, the Bank filed a motion for leave to file a reply to Orient's response, which motion was granted on November 3, 2000, and its tendered reply was accepted by this court.

In its response to our Order to Show Cause Orient stated that, in accordance with 28 U.S.C. § 1608 and the Hague Convention, it had caused a summons and complaint to be served upon the Chinese Central Authority and that the latter had "delivered" the summons and complaint to the Bank on September 23, 1999, but that it (Orient) had not yet received a certificate to that effect from the Chinese Central Authority. Further, in its response, Orient went on to state that, notwithstanding the failure of the Chinese Central Authority to return a certificate of service to it, counsel for the Bank had "agreed that the Bank has been served." Finally, in its response Orient stated that it had sent a letter to that effect to the district court on December 22, 1999.

In a reply to Orient's response, the Bank states that "[i]n fact . . . there was no

'agreement' by the Bank concerning service of process as alleged by Orient Mineral," although the Bank had decided to "not renew its dismissal motion but instead continue with its [then pending] appeal in this Court." Counsel for the Bank in his reply concluded by declaring that "[n]either during my December 22, 1999 telephone conversation with Mr. Eck [counsel for Orient] nor at any other time, have I or anyone else on behalf of the Bank of China 'agreed' that service of process under the requirements of the Foreign Sovereign Immunities Act ("FSIA") or the Hague Convention . . . – which require more than mere delivery of the complaint to a foreign state defendant such as the Bank of China – has been effected on the Bank or that the Bank of China 'considered itself so served'."

We are not inclined on the basis of Orient's response to our Order to Show Cause, and the Bank's reply thereto, to consider whether Orient has complied with the district court's order that it had until December 31, 1999, to effect valid service of process on the Bank, and, if not so served, the complaint as it related to the Bank would be "deemed dismissed . . . without prejudice." That question should be considered, in the first instance, in the district court. As stated above, the record of the district court before us shows that the district court quashed Orient's purported service of process, i.e., service on the Chinese Consulate in San Francisco, California, and granted Orient 30 days to effect service of process pursuant to 28 U.S.C. § 1608, which time was later extended to December 31, 1999. The record of the district court does not show compliance with the

district court's order to effect service by December 31, 1999, or at any time thereafter. It is on this state of the record that we further decline to review the propriety of the district court's order denying the Bank's motion to dismiss on the ground that the district court lacked subject matter jurisdiction.

Accordingly, the appeal is dismissed and the case is remanded to the district court with directions that it vacate, as premature, that part of its order of July 19, 1999, wherein it held that there was subject matter jurisdiction. Further proceedings in the district court are to be consonant with the views herein expressed.

Entered for the court,


Robert H. McWilliams
Circuit Judge