**Scott SMITH, Plaintiff,**

v.

**BLUE DOT SERVICES COMPANY, Blue Dot Serviced By Stryker Company, Blue Dot Services Of Kansas, Stryker Company, and Ron Stryker, Defendants.**

No. 02–4132–SAC.

United States District Court, D. Kansas.

Aug. 5, 2003.

---

Derek J. Shafer, SAS Institute, Inc., Cary, NC, for Plaintiff.

Cailin M. Ringelman, Woner, Glenn, Reeder, Girard & Riordan, P.A., Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the motion to dismiss (Dk. 11) filed by the defendants Blue Dot Services Company of Kansas ("Blue Dot") and Ron Stryker ("Stryker") (collectively termed "defendants"). Blue Dot employed the plaintiff Scott Smith ("Smith") from August of 1994 until his termination in November of 2000. The plaintiff alleges two causes of action in his lawsuit: a state common-law claim for retaliatory discharge and a federal law claim for violation of the Family and Medical Leave Act ("FMLA"). On the state law claim, the plaintiff alleges the defen- dants unlawfully terminated him for exer- cising his rights under the Kansas Work- ers' Compensation Act and for absences due to a work-related injury. On the FMLA claim, the plaintiff alleges the de- fendants unlawfully terminated him though he returned to work without restrictions prior to the expiration of his twelve-week leave period under the FMLA. In his com- plaint, the plaintiff asserts federal question jurisdiction under the FMLA and diversity of citizenship jurisdiction.

The defendants seek to dismiss the FMLA count arguing that Smith's FMLA leave period had expired before the plain- tiff attempted to return to work and before Blue Dot notified the plaintiff of his termi- nation. The defendants assert the follow- ing facts are uncontroverted: (1) Smith's absence began on August 24, 2000; (2) Smith received a letter on September 10, 2000, from Blue Dot that was dated Sep- tember 7, 2000, and that notified him pur- suant to their conversation with him on September 6, 2000, his absence would be considered leave under the FMLA and his leave period had commenced on August 24, 2000, and would expire on November 16, 2000; and (3) Smith attempted to return to work on November 27, 2000, and was handed a letter of termination that was dated November 20, 2000.

The defendants' letter of September 7, 2000, is referenced in the plaintiff's com- plaint, but the complaint does not disclose that the letter mentioned their conversa- tion of September 6, 2000, or that the letter included a leave termination date of November 16, 2000. The plaintiff's com- plaint also fails to allege Stryker's residen- cy, and the defendants submit an affidavit from Stryker stating that he is a Kansas resident. Because they rely on these fac- tual matters that are outside the plaintiff's complaint, the defendants suggest that the court must convert their motion to dismiss

under Rule 12(b)(6) to a motion for summary judgment. The plaintiff agrees with this procedural point and presents his own affidavit that addresses such topics as his supervisor's actions on August 24, 2000, the defendants' knowledge of the plaintiff's need for FMLA leave, the defendants' delay in determining the FMLA's applicability, and the doctor release for him to work.

## RULE 12(B)(6) STANDARDS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), or unless an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993); *see Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma*, 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed. R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted). A court judges the sufficiency of the complaint accepting as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), and drawing all reasonable inferences from those facts in favor of the plaintiff. *Witt v. Roadway Express*, 136 F.3d 1424, 1428

(10th Cir.), *cert. denied*, 525. U.S. 881, 119 S.Ct. 188, 142 L.Ed.2d 154 (1998).

■ A 12(b)(6) motion must be converted to a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court" and then "all parties ... [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp.*, 130 F.3d at 1384. The plaintiff's complaint references the September 7th letter, and it is central to the plaintiff's FMLA claim. The defendants have attached a copy of that letter to its motion, and the plaintiff does not dispute its authenticity. The court will consider that letter without converting the defendants' motion to a summary judgment proceeding.

■ As for the defendants' challenge to diversity jurisdiction, their motion is more properly characterized as a Rule 12(b)(1) motion to dismiss. Upon a defendant's Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991), *cert. denied*, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). Rule 12(b)(1) attacks on subject matter jurisdiction typically are either facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002–3 (10th Cir.1995). A facial attack questions the sufficiency of the allegations in the complaint as they relate to subject matter jurisdiction, and the district court in ad-

dressing this attack accepts the allegations in the complaint as true. *Holt,* 46 F.3d at 1002. On a factual attack that goes beyond the complaint and challenges the facts on which subject matter jurisdiction depends, the court does not "presume the truthfulness of the complaint's factual allegations," but "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003. The court's reference to matters and evidence outside the pleadings does not necessarily require converting the 12(b)(1) motion to one for summary judgment. *Id.* The defendant's motion essentially attacks the plaintiff's complaint both facially and factually. The court sees no reason for converting the defendants' motion before deciding the relevant issues [1] based exclusively on allegations found in the complaint, on the terms of the September 7th letter, and on the residency of Ron Stryker.

## FMLA CLAIM

 The FMLA affords qualified employees twelve weeks of unpaid leave each year for various reasons, including an employee's serious health problems. 29 U.S.C. §§ 2601–2654. The FMLA requires an employer to reinstate an employee to his or her former position or its equivalent upon the employee's timely return from FMLA leave. 29 U.S.C. § 2614(a). The FMLA creates at § 2617(a) a cause of action for employees to enforce their FMLA rights on the basis of either the entitlement or interference theory, § 2615(a)(1), or the retaliation or discrimination theory, § 2615(a)(2). *Smith v. Diffee Ford–Lincoln–Mercury, Inc.,* 298 F.3d 955, 960 (10th Cir.2002). "If an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent." *Smith,* 298 F.3d at 960. To prevail on an entitlement claim, the employee must prove an FMLA right to leave or reinstatement; the employer's interference with, restraint of or denial of that right; and prejudice resulting to the employee. *Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 122 S.Ct. 1155, 1161, 152 L.Ed.2d 167 (2002).

While the FMLA does not impose any specific requirements for the type or timing of notice to be given an employee upon the designation of FMLA leave, the Department of Labor's regulations address this gap. *See* 29 C.F.R. § 825.208. The regulations require "employers to inform workers about the relationship between the FMLA and leave granted under the company plans." *Ragsdale,* 122 S.Ct. at 1160. The regulations give the employer the responsibility to inform employees when an absence will be treated as FMLA leave. *Id.* (citing 29 C.F.R. § 825.208(a)). This disclosure must be in writing, must include details about the employee's rights and responsibilities, and must occur " 'within a reasonable time after notice of the need for leave is given by the employee-within one or two business days if feasible.' " *Id.* (quoting 29 C.F.R. § 825.301(c)). The regulations further impose a consequence when an employer does not carry out its notice obligation. *See* 29 C.F.R. § 825.700(a) ("If an employee takes paid or unpaid leave and the employer does not designate the leave as FMLA leave, the leave taken does not count against an employee's FMLA entitlement.").

---

1. The plaintiff's affidavit and exhibits address other issues which need not be reached because of the court's application of *Ragsdale v.*

*Wolverine World Wide, Inc.,* 535 U.S. 81, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002).

The United States Supreme Court recently struck down § 825.700(a) as a "categorical penalty" that was "incompatible with the FMLA's comprehensive remedial mechanism." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 122 S.Ct. 1155, 1161, 152 L.Ed.2d 167 (2002). The Court reasoned:

> The challenged regulation is invalid because it alters the FMLA's cause of action in a fundamental way: It relieves employees of the burden of proving any real impairment of their rights and resulting prejudice. In the case at hand, the regulation permitted Ragsdale to bring suit under § 2617, despite her inability to show that Wolverine's actions restrained her exercise of FMLA rights. Section 825.700(a) transformed the company's failure to give notice—along with its refusal to grant her more than 30 weeks of leave—into an actionable violation of § 2615. This regulatory sleight of hand also entitled Ragsdale to reinstatement and backpay, even though reinstatement could not be said to be "appropriate" in these circumstances and Ragsdale lost no compensation "by reason of" Wolverine's failure to designate her absence as FMLA leave. By mandating these results absent a showing of consequential harm, the regulation worked an end run around important limitations of the statute's remedial scheme.
>
> ... By its nature, the remedy created by Congress requires the retrospective, case-by-case examination the Secretary now seeks to eliminate. The purpose of the cause of action is to permit a court to inquire into matters such as whether the employee would have exercised his or her FMLA rights in the absence of the employer's actions. To determine whether damages and equitable relief are appropriate under the FMLA, the judge or jury must ask what steps the employee would have taken had circumstances been different—considering, for example, when the employee would have returned to work after taking leave. Though the Secretary could not enact rules purporting to make these kinds of determinations for the courts, § 825.700(a) has this precise effect.

122 S.Ct. at 1162. The Supreme Court, however, expressly declined to decide "whether the notice and designation requirements are themselves valid or whether other means of enforcing them might be consistent with the statute." *Id.* at 1165. Indeed, the "Court left open the possibility that employees could recover for notice violations on a 'case-by-case' basis" upon allegations of actual harm resulting from the violations. *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1055 (D.Ariz. 2003); *see Summers v. Middleton & Reutlinger, P.S.C.*, 214 F.Supp.2d 751, 757 (W.D.Ky.2002).

 In seeking dismissal, the defendants essentially argue that the plaintiff's claim fails to allege the defendants' denial of any FMLA right and resulting prejudice to the plaintiff. The defendants insist the plaintiff's complaint shows that he was provided a full twelve weeks of FMLA leave, that his leave period expired before he was able to return to work with a physician's release, and that he was terminated only after the leave period expired. Consequently, the plaintiff has not alleged the denial of any FMLA right to leave or reinstatement.[2]

Both sides agree that for purposes of this motion the critical issue on the FMLA

---

**2.** "If any employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement also expires." *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 763 (5th Cir.2001) (citations omitted); *see Duty v. Norton–Alcoa Proppants*, 293 F.3d 481, 494 (8th Cir.2002).

claim is determining when the plaintiff's FMLA leave period commenced. The defendants contend it should be August 24, 2000, which is when the plaintiff's absence began and which is the leave period commencement date used in their September 7th notification letter to the plaintiff. The defendants argue that the *Ragsdale* decision bars the plaintiff from relying on case law that would support starting the FMLA period upon the later date of the written notice.

The plaintiff continues to rely solely on the Department of Labor's regulations in arguing that the defendants' delay in giving notice results in a corresponding delay in the commencement of the leave period. The plaintiff acknowledges the *Ragsdale* decision but argues it should not be applied retroactively and particularly in a case in which an employee is seeking to extend the FMLA period by only two weeks. The plaintiff cites no legal authority in support of his different arguments.

■ The court summarily rejects the plaintiff's arguments as untenable. First, the plaintiff appears to be relying on language from § 825.700(a), which is the very regulation that the Supreme Court in *Ragsdale* held to be invalid. Second, because the Supreme Court in *Ragsdale* applied its decision on the invalidity of this regulation to the case pending before it, the decision is controlling on all pending cases and is given full retroactive effect. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1547 (10th Cir.1996) (citing *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993)). Third, there is nothing in the *Ragsdale* opinion to suggest the regulation could be enforceable in those instances when an employee seeks to extend the leave by some period shorter than the 30 weeks sought by Ragsdale.

Later in his brief, the plaintiff quotes certain language from *Ragsdale* in arguing

that the Supreme Court simply clarified the employee's burden of proof and had not intended to preclude an employee from bringing a cause of action. The plaintiff, however, makes no effort to apply the quoted language to his case or to allege facts in support of a cause of action consistent with that language. Indeed, the plaintiff's complaint fails to allege a cause of action based on a notice violation, and the plaintiff has not sought leave to add one. Based on the facts appearing in the complaint, the plaintiff could not prevail even assuming the action had been pleaded. As stated above, some courts have held that *Ragsdale* would permit employees to sue for notice violations upon allegations of actual harm resulting from the violations. *See Farina v. Compuware Corp.*, 256 F.Supp.2d at 1055; *Hill v. Steven Motors, Inc.*, 228 F.Supp.2d 1247, 1258 (D.Kan.2002); *Summers v. Middleton & Reutlinger, P.S.C.*, 214 F.Supp.2d at 757. The plaintiff does not allege any prejudice from the retroactive notice such that he "would have exercised his ... FMLA rights in the absence of the employer's actions." *Ragsdale*, 122 S.Ct. at 1162. Even if the plaintiff had been given timely notice, there are no allegations that the plaintiff would have taken less leave or intermittent leave or that he would have returned to work earlier.

From the facts alleged in his complaint, the plaintiff appears unable to prove that he was denied the twelve-week leave period required by the FMLA or that he was denied the right to return to work before the leave period expired. Thus, the plaintiff's has not alleged an FMLA claim upon which relief could be granted. The court grants the defendants' motion to dismiss count one.

## DIVERSITY JURISDICTION

■ Federal district courts have original jurisdiction of civil actions where com-

plete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. 28 U.S.C. § 1332; *see Carden v. Arkoma Associates,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) ("Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship."). As interpreted, this statute provides federal district courts with original diversity jurisdiction of case " 'only if there is no plaintiff and no defendant who are citizens of the same State.'" *Gadlin v. Sybron Intern. Corp.,* 222 F.3d 797, 799 (10th Cir.2000) (quoting *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)). It "attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp.,* 897 F.2d 461, 463 (10th Cir.1990).

 "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *Penteco Corp. v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). When suing multiple defendants in a diversity action, the plaintiff bears the burden of proving that diversity jurisdiction exists for each defendant. *United States ex. rel. General Rock & Sand Corp. v. Chuska Dev. Corp.,* 55 F.3d 1491, 1495 (10th Cir. 1995). In the complaint, the plaintiff alleges he is a citizen of Kansas, but he fails to allege the citizenship of the defendant Ron Stryker or the principal place of business for the defendant corporations. The plaintiff does not dispute the defendant Stryker's averment that he is a citizen of Kansas. The plaintiff has not proved that

diversity jurisdiction exists for the defendants named in his suit.

Having dismissed the federal claim over which this court has original jurisdiction, the court in the exercise of its statutory discretion declines to assume supplemental jurisdiction over the plaintiff's state law claims against the defendants. 28 U.S.C. § 1367(c)(3); *see Tonkovich v. Kansas Bd. of Regents,* 254 F.3d 941, 945 (10th Cir. 2001). The plaintiff offers no reason for exercising such jurisdiction. Considerations of judicial economy, convenience, fairness do not favor retaining jurisdiction over this case. At this juncture, the most common response is to dismiss the state law claims without prejudice. *Roe v. Cheyenne Mountain Conference Resort, Inc.,* 124 F.3d 1221, 1237 (10th Cir.1997).

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (Dk. 11) is granted;

IT IS FURTHER ORDERED that the court declines to exercise supplemental jurisdiction over the remaining state law claim and dismisses the same without prejudice.