**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONALD WAYNE BROWNING,

  Plaintiff - Appellant,

 v.

MARY ELIZABETH SALMON;
WAYNE SALMON,

  Defendants - Appellees.

No. 04-1234
(D.C. No. 02-F-1636 (BNB))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL, McCONNELL,** and **TYMKOVICH** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In order for a federal district court to retain jurisdiction over a defendant, the court must have subject-matter jurisdiction over the cause of action and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

personal jurisdiction over the defendant. *See Gadlin v. Sybron Int'l Corp.,* 222 F.3d 797, 799 (10th Cir. 2000). In the instant case, plaintiff/appellant Donald Browning is suing defendants/appellees Mary and Wayne Salmon, his aunt and uncle who reside in Indiana, in Colorado federal district court for monetary damages allegedly arising from tortious interference with a contract between Mr. Browning and his grandfather. Because we find no error in the district court's conclusion that the Salmons did not have minimum contacts with the state of Colorado and that imposition of personal jurisdiction over them would violate "'traditional notions of fair play and substantial justice,'" R. Doc. 36 at 4 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)), we affirm.

## I.

We must first address the Salmons' argument, made in a motion to dismiss the appeal, that we have no jurisdiction to hear this appeal because Mr. Browning failed to file his notice of appeal within thirty days of the district court's May 4, 2004, order dismissing the case. *See* Fed. R. App. P. 4(a)(1)(A). "[T]he filing of a timely notice of appeal is mandatory and jurisdictional," and "we must determine, as a threshold matter, whether the notice of appeal was timely." *Trotter v. Regents of the Univ. of N.M.*, 219 F.3d 1179, 1182 (10th Cir. 2000) (quotation marks omitted).

-2-

When the district court dismissed Mr. Browning's complaint, it did not file a separate judgment with its order. *See* Fed R. Civ. P. 58(a) (providing that "[e]very judgment . . . must be set forth on a separate document," with certain exceptions not applicable here). In light of that omission, judgment is considered entered 150 days after entry of the district court's May 4, 2004, order. *See* Fed. R. Civ. P. 58(b)(2)(B); Fed. R. App. P. 4(a)(7). "The Supreme Court has recognized that the separate-document rule must be mechanically applied in determining whether an appeal is timely." *Allison v. Bank-One Denver*, 289 F.3d 1223, 1232 (10th Cir. 2002) (quotation marks omitted). "[A]bsent a formal judgment, a district court's order remains appealable." *Id.* (quotation marks omitted). Thus, the time to appeal did not begin to run until October 1, 2004. The notice of appeal was filed in the district court on June 7, 2004, and is, therefore, timely.

## II.

The district court's order regarding personal jurisdiction resulted in relevant part from the Salmons' motion to dismiss for lack of personal jurisdiction, which they brought under Fed. R. Civ. P. 12(b)(2).

> We review de novo the district court's dismissal for lack of personal jurisdiction. When the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists. When, as in this case, a district court grants a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to

defeat the motion. We resolve all factual disputes in favor of the plaintiff in determining whether plaintiff has made a prima facie showing. . . .

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant.

. . . .The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. Therefore, a court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state. . . . .

The minimum contacts standard may be met in two ways. First, a court may, consistent with due process, assert *specific* jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. . . . .

. . . .

A specific jurisdiction analysis involves a two-step inquiry. First we must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second, if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Benton v. Cameco Corp* ., 375 F.3d 1070, 1074-75 (10th Cir. 2004) (quotation

marks, brackets, and citations omitted), *cert. denied* , 125 S. Ct. 1826 (2005).

-4-

It is undisputed that Mr. Browning's grandfather and the Salmons were residents of Indiana at the time of the Salmons' allegedly tortious act. Mr. Browning claims that the Salmons interfered with his grandfather's oral offer, made in Indiana in October 1992, to "provide" an unidentified condominium in Denver for Mr. Browning if Mr. Browning would "accept medical treatment and follow [the] advice of [his] psychiatrist." R. Doc. 1, Att. 1. Mr. Browning claims that, around March 1993 in Indiana, his aunt and uncle allegedly falsely told his grandfather that Mr. Browning had not fulfilled the condition of the offer, and, as a result, his grandfather never purchased a condominium for Mr. Browning before the grandfather died in 2001.

Mr. Browning relies on a single alleged fact–that the purported oral contract involved a promise to provide real property in Denver–to support his claim that the Salmons had the requisite minimum contacts such that they should reasonably have anticipated being haled into court in Colorado. But, as the district court correctly pointed out, "the allegation of a lost expectation of unidentified real property located in Colorado does not establish that the defendants had minimum contacts with the forum state necessary for this Court to assert personal jurisdiction over them," R. Doc. 36 at 4-5, and Mr. Browning sought monetary damages, not specific performance of a real estate contract, thus making even more remote a possible impact on Colorado.    *See OMI Holdings, Inc.*

-5-

*v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1092 (10th Cir. 1998) (noting that "[p]urposeful availment requires actions by the Defendant which create a substantial connection with the forum state") (quotation marks omitted); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995) ("[T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights . . . does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."). We agree with the district court that the Salmons did not have the requisite minimum contracts with Colorado to support the exercise of the Colorado federal district court's jurisdiction over them. The district court therefore properly dismissed the suit[1].

Mr. Browning's motion to proceed *in forma pauperis* is **DENIED**. The Salmons' motion to dismiss the appeal for lack of jurisdiction is **DENIED**. The Salmons' motion for damages pursuant to Fed. R. App. P. 38 is **DENIED**.

---

[1] We need not address the issue whether the district court erred in holding that it had no subject-matter jurisdiction over the case, as it is mooted by our ruling on personal jurisdiction. *See Gadlin,* 222 F.3d at 799 (noting that court may address issue of personal jurisdiction first).

The judgment of the district court is **AFFIRMED** .

Entered for the Court

Michael W. McConnell
Circuit Judge