**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NOAH A. SAIN; MARILYN SAIN,

Plaintiffs-Appellants,

v.

EOG RESOURCES, INC., a Delaware
Corporation; SST ENERGY
CORPORATION, a Colorado
Corporation,

Defendants-Appellees.

No. 05-2320
(D.C. No. CIV-05-180 RB/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Plaintiffs Noah and Marilyn Sain appeal from the district court's order

dismissing their complaint for lack of jurisdiction based on its determination that

both the Sains and defendant SST Energy Corporation (SST) are Wyoming

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

citizens for purposes of diversity jurisdiction. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## Background

On October 16, 2002, Mr. Sain was working as a field maintenance operator on an oil rig in Moffat County, Colorado when part of the rig collapsed, causing him to suffer severe and permanent injuries. The rig was owned by SST, a company that provides drilling equipment and operations crews for oil and gas wells. SST's equipment had been provided pursuant to a contract with EOG Resources, Inc. (EOG), which owned the federal lease and state permit to drill for oil in Moffat County.

On February 17, 2005, the Sains sued SST and EOG in U.S. District Court in New Mexico alleging that the accident was caused by the defendants' negligence. The Sains invoked federal jurisdiction under the diversity statute, 28 U.S.C. § 1332, claiming that they are Wyoming citizens; that EOG is a citizen of both Delaware and Texas; and that SST is a citizen of Colorado. On April 8, 2005, SST filed a motion to dismiss for lack of subject matter jurisdiction based on lack of complete diversity. It argued that in addition to being a citizen of

Colorado, its state of incorporation, it was also a citizen of Wyoming because that is where its principal place of business was located.[1]

Following jurisdictional discovery, the Sains responded to the motion with two arguments. First, they argued that an examination of SST's total activities could support no other finding than that its principal place of business was in Colorado. Second, they argued that SST should be judicially estopped from asserting that its principal place of business was in Wyoming because it had previously listed Denver, Colorado as its principal office in a filing with the New Mexico Public Regulation Commission.

On August 12, 2005, the Sains filed a motion to supplement their response with additional evidence that they claimed supported their judicial estoppel argument. The motion was accompanied by a request to take judicial notice, which attached pleadings and other filings from an unrelated Colorado state court case involving SST. The state court complaint alleged that SST's principal place of business was in Denver, Colorado, and SST had filed an answer in the case admitting that allegation. The Sains argued that this admission, along with the New Mexico public filing, precluded SST from taking a contrary position in the instant case.

---

[1] SST also argued that it lacked the requisite minimum contacts to establish a basis for personal jurisdiction in New Mexico. This argument, however, was not a basis for the district court's decision and is not raised on appeal.

The district court rejected both of the Sains' arguments. Employing the "total activity" test that we adopted in *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 (10th Cir. 1993), the court found that the majority of SST's activities took place in Wyoming. It went on to reject the Sains' judicial estoppel argument based on our refusal to adopt the doctrine in *Rascon v. U.S. West Commc'ns, Inc.*, 143 F.3d 1324,1332 (10th Cir. 1998). The court did say, however, that even if the doctrine were recognized in this circuit, it would not apply to bar SST's position in this case, because "SST's principal place of business was not an issue in the Colorado suit and no judicial body relied on the New Mexico administrative form." Aplt. App. at 260. Having found that SST's activities in Wyoming "clearly exceed[ed]" its activities in other states, *id.*, and that the Sains' judicial estoppel argument was without merit, the court concluded that Wyoming was SST's principal place of business for purposes of diversity jurisdiction. Since the Sains were also citizens of Wyoming, the district court concluded that diversity was not complete and dismissed the complaint.

**Analysis**

**A. Standard of Review**

A district court's "determination of a corporation's principal place of business is a question of fact that we review under the clearly erroneous standard." *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158,

1162 (10th Cir. 2005). To the extent that the district court's decision depended on whether SST may be judicially estopped from asserting its position regarding its principal place of business, however, it is a question of law that we review de novo. *See Rascon*, 143 F.3d at 1329 ("The issue of the application of judicial estoppel presents a legal question.").

## B. Judicial Estoppel

The Sains' primary challenge is directed at the district court's refusal to apply judicial estoppel against SST to preclude it from asserting that its principal place of business is in Wyoming. They accuse the district court of "completely ignor[ing] the fact that SST has blown hot and cold on its residence," Reply Br. at 4, and urge this court to revisit *Rascon* "to the extent that it abrogates the responsibility of parties to act in a consistent fashion relative to jurisdictional issues," Opening Br. at 12. SST defends the district court's decision not to apply judicial estoppel, arguing that the prerequisites for invoking the doctrine are not present in this case.[2]

---

[2]      Interestingly, neither party has raised the issue of whether the application of judicial estoppel in this context is governed by state or federal law. *Compare Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 12 F.3d 171, 172-73 (10th Cir. 1993) (stating that "diversity, as it affects jurisdiction, is a matter of federal and not state law," and holding that federal principles must dictate whether diversity exists) *with Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1325 (10th Cir. 1998) (stating generally that state law determines whether and how to apply doctrine of judicial estoppel). Given that the ultimate issue is

(continued...)

The district court's decision was based in part on our historical rejection of the judicial estoppel doctrine. *See Rascon*, 143 F.3d at 1332 (reaffirming our refusal to adopt the doctrine). Last year, however, following the Supreme Court's guidance in *New Hampshire v. Maine*, 532 U.S. 742 (2001), we reversed course and recognized the doctrine's limited applicability. *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068, 1069 (10th Cir. 2005). Therefore, the district court's statement that "[t]he Tenth Circuit has rejected the doctrine of judicial estoppel," Aplt. App. at 260, is incorrect in light of recent precedent. The district court went beyond our historical disapproval of the doctrine, however, in finding that judicial estoppel was not applicable in this case because "SST's principal place of business was not an issue in the Colorado suit and no judicial body relied on the New Mexico administrative form." *Id.*

In *Johnson*, we described the doctrine of judicial estoppel as follows:

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary

[2](...continued)
whether federal subject matter jurisdiction exists, however, the parties' and the district court's assumption that federal law governed the judicial estoppel issue was reasonable. Moreover, since the Sains failed to make any argument under state law or even tell us which state's law would apply here, any such arguments have been waived. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Therefore, for the purposes of this case, we will assume that federal law governs the judicial estoppel question and proceed accordingly.

position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

405 F.3d at 1069 (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). We cautioned that the doctrine should only be applied "in the narrowest of circumstances," and should be limited to situations where a party was successful in "persuading *a court* to accept" his earlier position. *Id.* (emphasis added) (quotation omitted). Therefore, the district court's understanding of the doctrine, in particular, its narrow applicability to situations where the party's previous position was asserted before a "judicial body," Aplt. App. at 260, was correct, as was its decision not to apply judicial estoppel based on statements made before the New Mexico Public Regulation Commission, a non-judicial body.

We also conclude that it would have been error to preclude SST from claiming Wyoming citizenship based on a formulaic admission made in the Colorado state case. The location of SST's principal place of business was only relevant in that case in the context of proper venue *within* Colorado. The state court had neither an opportunity nor a reason to compare the company's activities in Colorado versus Wyoming. The district court's determination that "SST's principal place of business was not an issue in the Colorado suit," *id.*, was therefore correct. More importantly, we need not be concerned with a party's inconsistent position "creat[ing] the perception that either the first or second court was misled." *Johnson*, 405 F.3d at 1069 (quotation omitted). Insofar as the

prerequisites for judicial estoppel have not been met, we conclude that the district court correctly declined to apply the doctrine against SST.

### C. The Total Activity Test

"For diversity purposes, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quotation omitted). We have held that a corporation's principal place of business is to be determined by examining "the total activity of the company or the totality of the circumstances, considering the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations." *Id.* (quotations omitted). The determination "does not hinge on one particular facet of corporate operations" but is based on a variety of factors, including "the location of the corporation's nerve center, administrative offices, production facilities, employees, etc." *Shell*, 415 F.3d at 1162 (quotations omitted); *see also Amoco Rocmount Co*, 7 F.3d at 915, n.2 (stating that a corporation's principal place of business is located in "the state where a substantial part of its business is transacted and from which centralized general supervision . . . is exercised.").

The Sains argue that the district court erred in failing to consider the evidence of SST's prior statements among the factors relevant to determining its principal place of business. This argument is without merit. The district court

unquestionably considered the factors that we have held relevant to the principal place of business determination. The court recognized that SST maintains an office in Denver, Colorado and that the company's sole marketing manager, who is responsible for negotiating contracts, resides in Denver. It noted, however, that in contrast to SST's sole employee in Colorado, the company's "management, operations, accounting, and engineering functions" are all located in Wyoming. Aplt. App. at 259-60. In addition, the court found that the company's "real property, home office, and maintenance shop are located in Wyoming," and that the "bulk of its work" takes place in, and "[a]ll employees are paid out of the Wyoming office." *Id.* at 260.

Based on the record before us, we conclude that the district court did not clearly err in determining that SST's principal place of business was located in Wyoming rather than Colorado. Since a corporation's principal place of business determines its citizenship for purposes of diversity jurisdiction, 28 U.S.C. § 1332(c)(1), diversity was not complete in this case, and the district court properly dismissed the complaint for lack of subject matter jurisdiction. Its judgment is therefore AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge