**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ASRAR AHMED KHAN;
DAVID LANDON MURPHY,

     Plaintiffs–Appellants,

v.

THE BANK OF NEW YORK MELLON,
f/k/a The Bank of New York, as Trustee
for the Certified Holders of CWMBS,
Inc. CHL Mortgage Pass-Through Trust
Certificates Series 2005-06; BANK OF
AMERICA, N.A.; RECONTRUST
COMPANY, N.A.; SELECT
PORTFOLIO SERVICING, INC.;
DOES 1 TO 10,

     Defendants–Appellees.

No. 12-2161
(D.C. No. 1:12-CV-00475-RB-KBM)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Asmar Ahmed Khan and David Landon Murphy (collectively, "appellants") filed a pro se complaint in the District of New Mexico to challenge a California non-judicial foreclosure action against Khan's California home. The district court concluded that diversity jurisdiction under 28 U.S.C. § 1332 was lacking because both Khan and a defendant, ReconTrust Company, N.A., are citizens of California. The district court further determined that appellants did not establish federal-question jurisdiction under 28 U.S.C. § 1331 because they did not assert any federal claims. Accordingly, the district court granted defendants' Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. Exercising appellate jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I

We generally review the issue of subject-matter jurisdiction de novo. See Salt Lake Tribune Publ'g Co. v. AT&T Corp., 320 F.3d 1081, 1095 (10th Cir. 2003). However, conclusions as to the parties' citizenship are factual findings that we

---

[1] Our jurisdiction is limited to reviewing the September 4, 2012, memorandum opinion and order and the September 4, 2012, judgment because those were the documents listed in the notice of appeal. See Fed. R. App. P. 3(c)(1)(B) (requiring that the notice of appeal "designate the judgment, order, or part thereof being appealed"); Coll v. First Am. Title Ins. Co., 642 F.3d 876, 885 (10th Cir. 2011). Although appellants' opening brief notes their filing of a "Verified Affidavit of Mistakes," that document was filed after the entry of judgment and was treated as a post-judgment motion. To appeal the district court's decision regarding their post-judgment filings, appellants were required to file a new or amended notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(ii); Coll, 642 F.3d at 885. They did not do so.

review for clear error.  See Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000).

Appellants devote most of their opening brief to issues related to the merits of the foreclosure.  Construing the pro se brief liberally, see Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002), we identify two arguments regarding subject-matter jurisdiction.  First, appellants contend that ReconTrust should not be considered a citizen of California, but instead should be assessed with the citizenship of its parent company, defendant Bank of America, N.A.  Second, appellants assert that defendants have violated 18 U.S.C. § 1005, apparently challenging the determination that they have not stated a federal claim.

Appellants do not contest ReconTrust's representation that it is headquartered in California.  Instead, they argue that ReconTrust, as a wholly-owned subsidiary of Bank of America, should be deemed to have the citizenship of its parent.[2] ReconTrust cites 28 U.S.C. § 1332(c)(1), which provides that a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business.  However, under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all . . . actions by or against them, be deemed

---

[2] Appellants also make general assertions that ReconTrust is not a "party of interest," and that the defendants lack "standing to be in Court."  We construe these assertions as addressed to the underlying foreclosure (i.e., appellants believe that ReconTrust has no interest in the real property and has no standing to participate in a foreclosure).  In this case, appellants chose to sue ReconTrust and the other defendants, thereby making them parties.

citizens of the States in which they are respectively located." We take judicial notice that the national banks list issued by the Office of the Comptroller of the Currency shortly before the complaint was filed identified ReconTrust as being in Simi Valley, California, consistent with the position ReconTrust took in the district court.[3] See National Banks Active as of 3/31/2012, http://web.archive.org/web/20120412120210/http://www.occ.gov/topics/licensing/national-bank-lists/national-by-name-v2.pdf. Therefore, under § 1348, ReconTrust is a citizen of California for diversity purposes. See Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

That ReconTrust is a wholly-owned subsidiary of Bank of America does not change this result. This court has observed that the "general rule . . . is that a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." Shell Rocky Mtn. Prod. v. Ultra Res., Inc., 415 F.3d 1158, 1163 (10th Cir. 2005) (quotation omitted). There is no record evidence that ReconTrust is merely an alter ego or agent of Bank of America, and therefore no reason not to apply the general rule to this case. The district court correctly concluded that the

---

[3] We may take judicial notice of government reports. See Pueblo of Sandia v. United States, 50 F.3d 856, 861 n.6 (10th Cir. 1995). Other courts have taken judicial notice of the national banks list maintained by the Office of the Comptroller of the Currency. See Fortucci v. RBS Citizens, N.A., 784 F. Supp. 2d 85, 88 (D. Mass. 2011).

citizenship of a subsidiary corporation may defeat diversity jurisdiction, even if a parent corporation is diverse from the plaintiffs.  See Glenny v. Am. Metal Climax, Inc., 494 F.2d 651, 652, 654 (10th Cir. 1974).

Appellants also appear to challenge the district court's determination that they did not assert any federal claims.  In their opening brief, they state that "Defendants have already VIOLATED Title 18 USC 1005."  But 18 U.S.C. § 1005 creates a criminal offense, not a federal cause of action that appellants can pursue.  Therefore, this statute does not provide a basis for federal-question jurisdiction under § 1331.

## II

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge