**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT MUCHNICK,

      Plaintiff - Appellant,

      v.

STATE OF COLORADO, Bill Owens,
Governor,

      Defendant - Appellee.

No. 04-1071

(D.C. No. 03-M-408 (BNB))

(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA,** Chief Judge, **BRISCOE** and **HARTZ** , Circuit Judges.

---

    Plaintiff Robert Muchnick brought suit against the State of Colorado in the

United States District Court for the District of Colorado, challenging the

constitutionality of several Colorado statutes relating to parental rights after

dissolution of marriage. Citing the <u>Rooker-Feldman</u> doctrine, which bars a party

---

    *After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

from appealing a state-court judgment in federal district court, the district court dismissed the complaint for lack of jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-16 (1923). We affirm the district court, albeit on different grounds. The Eleventh Amendment to the United States Constitution bars the suit against the State. We therefore lack jurisdiction and dismiss the appeal.

When Plaintiff was divorced in 1994, a California court awarded each parent joint legal and physical custody over their two children. In 1995 Plaintiff's ex-wife moved with the children to Colorado and sought modification of custody. By 1999 the courts had modified the custody arrangement, awarding Plaintiff's ex-wife primary legal and physical custody. Plaintiff subsequently filed a claim under 42 U.S.C. § 1983 in federal district court, alleging due process and equal protection violations and asking the court to declare unconstitutional Colorado Revised Statutes §§ 14-10-123.4 and 14-10-124 (relating to child custody) and to enjoin the State from enforcing the state-court judgment.

The Eleventh Amendment bars suits by private citizens against a State. Papasan v. Allain, 478 U.S. 265, 276 (1986). "[A]bsent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." Ramirez v. Oklahoma Dep't

of Mental Health, 41 F.3d 584, 588 (10th Cir. 1994), overruled on other grounds by Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1194-97 (10th Cir. 1998); see also ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1187 (10th Cir. 1998) (Eleventh Amendment bars even a suit for prospective injunctive relief).

Here, Plaintiff is unequivocally bringing suit against the State; he explicitly asserts that "it is the State of Colorado which is the sole named defendant." R. Doc. 8 at 1. The State has not waived its immunity. Although Plaintiff correctly notes that in some cases Congress may abrogate the Eleventh Amendment to allow a party to sue a State for constitutional violations, see, e.g., Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976), the Supreme Court has held that § 1983 does not abrogate a State's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 341 (1979). Thus, the federal courts are without jurisdiction to hear Plaintiff's claims.

The district court is AFFIRMED and the appeal DISMISSED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge