FOR THE TENTH CIRCUIT

SCOTT A. CUNNINGHAM; P.
DAVID MANTOR; ERIC
LOUGHEAD; JOHN BONNEVILLE,

     Plaintiffs-Appellants,

v.

BHP PETROLEUM GREAT BRITAIN
PLC, a United Kingdom Corporation;
HAMILTON BROTHERS
PETROLEUM CORPORATION, a
Delaware corporation,

     Defendants-Appellees.

No. 03-1356

**ORDER**
Filed October 25, 2005

Before **HENRY, MURPHY**, and **TYMKOVICH**, Circuit Judges.

This matter is before the court on defendants-appellees' petition for rehearing with suggestion for rehearing en banc. Defendants-appellees contend that in its opinion issued July 5, 2005, the panel confused the concept of "real party in interest" under Federal Rule of Civil Procedure 17 with the concept of "real party to the controversy" discussed in *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980). Upon consideration, the panel concludes that it did not

confuse the two doctrines and it DENIES the petition for panel rehearing. Nonetheless, the panel will clarify the rationale in its opinion by issuing an amended opinion. Accordingly, the panel WITHDRAWS the opinion issued July 5, 2005, and substitutes a modified opinion filed this date. A copy of the amended opinion is attached to this order.

The suggestion for rehearing en banc was transmitted to all the judges of the court in regular active service in accordance with Rule 35 (b) of the Federal Rules of Appellate Procedure. No member of the hearing panel and no judge in regular active service on the court requested that the court be polled on rehearing en banc. Accordingly, the suggestion for rehearing en banc is DENIED.

Entered for the Court
CLERK, COURT OF APPEALS

By:
      Deputy Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT A. CUNNINGHAM;
P. DAVID MANTOR; ERIC
LOUGHEAD; JOHN BONNEVILLE,

Plaintiffs-Appellants,

v.

No. 03-1356

BHP PETROLEUM GREAT BRITAIN
PLC, a United Kingdom Corporation;
HAMILTON BROTHERS
PETROLEUM CORPORATION, a
Delaware corporation,

Defendants-Appellees.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-RB-1245 (CBS))**

Submitted on the briefs:

Charles F. Brega, Stuart N. Bennett, Eric B. Liebman, Brega & Winters P.C.,
Denver, Colorado, for Plaintiffs-Appellants.

Bruce A. Featherstone and Frank C. Porada, Denver, Colorado, for Defendants-
Appellees.

Before **HENRY, MURPHY**, and **TYMKOVICH**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

Plaintiffs appeal the district court's judgment of July 31, 2003, which, among other things, dismissed their second amended complaint for lack of subject matter jurisdiction. Plaintiffs do not contest the district court's judgment of dismissal; rather they challenge additional substantive rulings made by the district court. We conclude that once the district court determined it lacked jurisdiction, it should have vacated its previous substantive rulings and remanded the case to state court in accordance with 28 U.S.C. § 1447(c).   *

## The State Court Complaint

In June 1999, plaintiffs Scott Cunningham and David Mantor brought suit in Colorado state court against BHP Petroleum Great Britain PLC (BHP) and Hamilton Brothers Petroleum Corp. (HB PetCorp.). Both plaintiffs had been key employees of Hamilton International Oil Company (HIOC), whose successor in interest was BHP. They asserted a number of contract-based claims arising out

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of their employment with HIOC. The dispute centers on a key employee incentive plan providing for key employees to be given net profit interests (NPIs) in certain petroleum properties. Pursuant to that plan, HIOC and Hamilton Brothers (U.K.) Petroleum Corp. assigned interests in a North Sea petroleum license known as license P. 380 to a trust for the benefit of the key employees. The assignments provided that plaintiffs would share in the NPIs once payout was reached. The complaint alleged that HB PetCorp. a subsidiary of BHP, also owned an interest in license P. 380.

Although the plan was adopted in 1981, payout on license P. 380 did not occur until 1997, when plaintiffs began getting payments on their NPIs. In their complaint, Cunningham and Mantor alleged that the payments they received were not calculated properly. Further, they contended that another license, P. 686, was an outgrowth of license P. 380 and that they were due payments on the NPIs from license P. 686 in proportion to defendants' interests in license P. 380. Plaintiffs asserted claims for declaratory judgment, breach of contract, promissory estoppel, and unjust enrichment.

## Proceedings in Federal Court

### 1.

Relying on diversity of citizenship as the basis of federal jurisdiction, HB PetCorp. removed the state court action to federal court in July 1999, where it became Civil Case No. 99-RB-1245.  BHP consented to the removal.  In January 2000, Cunningham and Mantor moved to amend and supplement their complaint, and though defendants objected to the request, plaintiffs were permitted to file an amended complaint in February 2000.  The amended complaint added Eric Loughead and John Bonneville, also former key employees of HIOC, as plaintiffs and it added claims by all plaintiffs arising from the recent sale of defendants' interests in license P. 380.  The amended complaint averred that the court had jurisdiction based on diversity of citizenship.  Both defendants answered the amended complaint and BHP filed two counterclaims, one against Cunningham for breach of his duty of loyalty and one against all four plaintiffs for reformation of the NPI assignments.

Thereafter, the parties filed numerous motions for partial summary judgment.  In one of their joint motions filed in March 2001, BHP and HB PetCorp. argued that the case should be dismissed for failure to comply with Rule 17(a) because the four plaintiffs were not the real parties in interest on any of the claims asserted in their amended complaint.      *See* Fed. R. Civ. P. 17(a)

("Every action shall be prosecuted in the name of the real party in interest.") Defendants alleged that immediately upon receiving the NPIs, plaintiffs assigned all their interest in them to Hamilton Brothers International Associates (HBIA), a partnership that plaintiffs and other key employees created for the purposes of acquiring, holding, managing, conserving, and dealing with the NPIs. Therefore, defendants argued, all the claims plaintiffs asserted were really claims of HBIA, not of the individual plaintiffs, and plaintiffs were not entitled to pursue any of those claims.

Plaintiffs contested defendants' motion, arguing that they had not relinquished all ownership rights in the NPIs to HBIA and, in any event, that they had standing to sue on behalf of their partnership interests in HBIA. They argued that they were "suing on their own interests in HBIA, and correspondingly in the NPIs." Suppl. App. at 178. In a report and recommendation issued in September 2002, the magistrate judge rejected plaintiffs' arguments that they had not relinquished all their rights in the NPIs to HBIA. The magistrate judge concluded that all the claims asserted in the amended complaint belonged to the partnership, which was a real party in interest under Rule 17(a). The magistrate judge further concluded that plaintiffs also were real parties in interest under Rule 17(a) and that Colorado law would permit plaintiffs to pursue the claims asserted in the amended complaint without having to name HBIA itself or all the other partners

-5-

as party-plaintiffs.

Nonetheless, the magistrate judge stated, plaintiffs would still have to satisfy the demands of diversity jurisdiction under 28 U.S.C. § 1332. Because HBIA actually owned the claims plaintiffs were asserting, the magistrate judge ruled that plaintiffs would have to establish jurisdiction based on the citizenship of HBIA. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must . . . rest jurisdiction only upon the citizenship of real parties to the controversy."). Noting that a partnership is considered a citizen of every state in which its partners are citizens, the magistrate judge determined that plaintiffs would have to show that defendants were completely diverse from every person who was a partner in HBIA at the time the action was commenced. *See Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). The magistrate judge recommended that plaintiffs be given thirty days to file an amended complaint that would identify and allege the citizenship of everyone who was a partner at the outset of the case. If plaintiffs could not do so, then the magistrate judge recommended that the action be dismissed for lack of subject matter jurisdiction.

## 2.

In the meantime, plaintiffs filed suit in federal court against BHP Petroleum (UK) Corp., as the successor to Hamilton Brothers U.K. Petroleum Corp. This suit, which became Civil Case No. 01-RB-777, alleged essentially the same claims against BHP Petroleum (UK) Corp. as plaintiffs had alleged against BHP and HB PetCorp. in the removed action. Plaintiffs moved to consolidate the two cases, which the district court did in October 2002.

## 3.

On March 27, 2003, the district court entered an order adopting the magistrate judge's report and recommendation on the real party in interest issue.[1] Accordingly, the district court directed plaintiffs to file an amended complaint within thirty days in which they should "plead specifically the state of citizenship of every partner of Hamilton Brothers International Associates at the time of the commencement of the action." Suppl. App. at 267 (emphasis and capitalization

---

[1] No party has appealed the determinations that HBIA was a real party in interest under Rule 17(a), that it actually owned the claims prosecuted by plaintiffs, or that its citizenship was determinative for purposes of subject matter jurisdiction.

omitted). The court warned plaintiffs that if they failed to comply, the action would be subject to dismissal for lack of prosecution.

Meanwhile, during the two years that had passed since defendants filed the motion raising the issue of who was the real party in interest, the parties had filed numerous substantive motions on which the magistrate judge had issued reports and recommendations. On March 21 and March 28, 2003, the district court entered orders ruling on some of those motions. Among other things, the district court granted summary judgment to BHP and HB PetCorp. on plaintiffs' claim to an interest in license P. 686, granted summary judgment to Cunningham on BHP's first counterclaim, granted summary judgment to HB PetCorp. on all claims on the ground that it was not a proper party, and ordered HB PetCorp. stricken from the caption of the case.

4.

On April 25, 2003, plaintiffs filed their second amended complaint, in which they attempted to aver the identity and citizenship of all the HBIA partners. [2] In addition to the four named plaintiffs, the complaint provided the names of fifteen other people who, upon information and belief, were partners in

---

[2] This second amended complaint included the case numbers of both of the consolidated cases and listed as defendants BHP, HB PetCorp., and BHP Petroleum (UK) Corp.

HBIA at the time the suit was commenced. The complaint averred the citizenship of some of these additional partners, upon information and belief, but stated that the citizenship of the others was unknown. At least one of the newly identified partners was averred to be a citizen of the United Kingdom. Defendant BHP was averred to be a corporation registered in and having its principal place of business in London, England.

Shortly thereafter, BHP filed a motion to dismiss the second amended complaint with prejudice for failure to comply with the court's order of March 28. In the alternative, BHP renewed its request for summary judgment on the claims contained in the first amended complaint on the ground that plaintiffs were not the real parties in interest on those claims.

5.

In his subsequent report and recommendation, the magistrate judge treated BHP's motion as "an attack on the facial sufficiency of the Second Amended Complaint," and concluded that the "jurisdictional allegations" of that complaint were "fatally deficient." App. to Opening Br., Vol. III at 1125. He therefore recommended that the district court dismiss the second amended complaint under Rule 12(h)(3) for lack of subject matter jurisdiction. The magistrate judge rejected BHP's contention that the complaint should be dismissed with prejudice

under Rule 41(b) for failure to comply with the district court's order of March 23. He reasoned that because the court lacked subject matter jurisdiction, any dismissal had to be without prejudice and could not operate as an adjudication upon the merits as provided in Rule 41(b). The magistrate judge recommended that the district court deny plaintiffs any further leave to amend, and he recommended that BHP's alternative request for summary judgment on the first amended complaint be denied as moot in light of the court's lack of subject matter jurisdiction.

Plaintiffs and BHP both filed objections to the magistrate judge's report and recommendation. Plaintiffs objected to the report and recommendation only to the extent that it recommended dismissing the action without prejudice rather than remanding the matter to state court. Plaintiffs argued that because defendants had removed the case to federal court and then shown that federal jurisdiction was lacking, the only appropriate remedy was to remand the action to state court in accordance with the dictates of 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

6.

On July 17, 2003, the district court entered an order adopting the magistrate judge's report and recommendation. [3] The court declined to remand the case to state court, agreeing with BHP that the case as originally pled by plaintiffs was properly removed to federal court and plaintiffs had not sought a timely remand. The court characterized the claims plaintiffs asserted prior to the second amended complaint as "individual claims" and contrasted them with the "claims on behalf of the partnership" that plaintiffs asserted in the second amended complaint. App. to Opening Br., Vol. III at 1089. Although the court acknowledged that defendants had contended and the court itself had agreed that the so-called "individual claims" actually belonged to the HBIA partnership, the court nonetheless treated the claims asserted in the first and second amended complaints as distinctly different.

Accordingly, the district court held that "the individual claims asserted in the [first amended] Complaint which were not previously resolved by summary judgment or otherwise were abandoned upon plaintiffs' filing of their Second Amended Complaint. Therefore, plaintiffs' claims asserted in their individual

---

[3] The district court's order concerned only the claims involving BHP and HB PetCorp. and did not address the claims involving BHP Petroleum (UK) Corp.

-11-

capacities have essentially evanesced." *Id.* at 1090. The court also reaffirmed its previous grants of summary judgment on the first amended complaint by ordering that judgment be entered in favor of HB PetCorp. on all plaintiffs' claims in the first amended complaint, that judgment be entered in favor of BHP and HB PetCorp. on plaintiffs' claim to an interest in license P. 686, and that judgment be entered in favor of Cunningham on BHP's first counterclaim. The court ruled that the second amended complaint should be dismissed without prejudice for lack of jurisdiction or, in the alternative, for failure to prosecute. The court entered judgment on its order on July 31, 2003, and plaintiffs appealed. [4]

---

[4] We determined as a preliminary matter that the July 31, 2003 judgment was not final and appealable because it did not dispose of all the claims before the court. In particular, it did not dispose of BHP's second counterclaim and it did not dispose of the claims against BHP Petroleum (UK) Corp. in Civil Case No. 01-RB-777. We therefore ordered plaintiffs to obtain and present to us either the determination and direction required by Fed. R. Civ. P. 54(b) or an order and judgment finally adjudicating all the remaining claims. On November 9, 2004, the district court entered an order disposing of the outstanding claims in both Civil Case. No. 99-RB-1245 and Civil Case No. 01-RB-777. We therefore have jurisdiction over this appeal.

On November 15, 2004, the district court issued a supplemental judgment in Civil Case No. 99-RB-1245 in accordance with the November 9 order. The supplemental judgment, however, omitted one of the grounds for dismissal recited in both the original July 31 judgment and the November 9 order. The supplemental judgment recited that the second amended complaint was dismissed without prejudice only for failure to prosecute; it did not mention the lack of subject matter jurisdiction. It appears that this omission in the supplemental judgment was the result of a clerical error and does not reflect any intent by the district court to alter its ruling on subject matter jurisdiction. The district court

(continued...)

-12-

The following time line summarizes the key events described above that are relevant to our analysis:

| | | |
|---|---|---|
| • | July 1999 | Removal to federal court (No. 99-RB-1245) |
| • | February 2000 | First amended complaint filed |
| • | March 2001 | Summary judgment motion filed questioning real party in interest |
| • | April 2001 | Second federal complaint filed (No. 01-RB-777) |
| • | October 2002 | Both federal cases consolidated |
| • | March 2003 | Orders re summary judgment entered |
| • | April 2003 | Second amended complaint filed |
| • | July 2003 | Dismissal for lack of subject matter jurisdiction |

### The Appeal

On appeal, plaintiffs do not challenge the district court's determination that it lacked subject matter jurisdiction. Rather, they argue only that because the court concluded it lacked subject matter jurisdiction, it had no authority to enter

---

[4](...continued)
should correct this omission on remand.

judgment in favor of either BHP or HB PetCorp. on any of plaintiffs' claims or to dismiss the action on the alternative ground of failure to prosecute.

Defendants argue that it was proper for the district court to enter judgment in favor of HB PetCorp. on all the claims in the first amended complaint and to enter judgment in favor of BHP and HB PetCorp. on plaintiffs' claim involving license P. 686 because the court had subject matter jurisdiction over the original and first amended complaints. Defendants base this argument on their contention that the original and first amended complaints asserted personal claims on behalf of two or four individuals, each of whom was diverse from the named defendants. Defendants' reasoning ignores one fundamental fact: the purportedly personal claims asserted by the individual plaintiffs in the original and first amended complaints actually belonged to the HBIA partnership. Defendants themselves argued this very fact in the district court. And because the claims asserted in the original and first amended complaints actually belonged to the HBIA partnership, the court lacked subject matter jurisdiction over those claims absent a proper showing of diversity based on the citizenship of HBIA. *See Navarro Sav. Ass'n*, 446 U.S. at 460 ("[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy."); *Becker v. Angle*, 165 F.2d 140, 142 (10th Cir. 1947) ("[I]n determining the question of diversity we look to the citizenship of the real parties in interest . . . .").

In the September 2002 report and recommendation adopted by the district court, the magistrate judge determined that in order to proceed on the claims alleged in the first amended complaint, plaintiffs needed to provide additional jurisdictional facts. It was for the purpose of providing these necessary jurisdictional facts that plaintiffs were directed to file a second amended complaint. When plaintiffs were unable to provide those facts, the magistrate judge properly concluded that the court lacked jurisdiction over the action.

Thus, although it may have appeared that the court had diversity jurisdiction over the action when it was first removed to federal court and when plaintiffs filed the first amended complaint, the truth of the matter was that the court lacked diversity jurisdiction from the beginning because HBIA was always the real party in interest on the claims asserted in those complaints and its citizenship was determinative for purposes of jurisdiction. [5] Defendants' contention that the court had jurisdiction over the original and first amended complaints and lacked jurisdiction over only the second amended complaint is simply wrong.

---

[5]    As the owner of the NPIs and of the claims plaintiffs were asserting in connection with those NPIs, HBIA was a real party in interest both in the sense that under Rule 17(a) the action could have been brought in its name and in the sense that under *Navarro*, 446 U.S. at 461, it was a "real and substantial party to the controversy" whose citizenship should be considered for purposes of determining diversity jurisdiction.

Because the district court never had diversity jurisdiction over the action against BHP and HB PetCorp., removal of that action was improper. Removal under 28 U.S.C. § 1441 "is proper only if the federal district court would have had original jurisdiction if the case was filed in federal court. This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996). Once the district court determined that it lacked diversity jurisdiction, it should have remanded the case back to state court. "The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557-58 (10th Cir. 2000) (quotation omitted); *see also Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 n.10 (7th Cir. 1994) ("[T]he point of § 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance.").

Moreover, because the district court never had jurisdiction over the case, it had no power to rule on any substantive motions or to enter judgment in the case. "A court may not . . . exercise authority over a case for which it does not have subject matter jurisdiction." *Brown*, 75 F.3d at 866. "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410

-16-

(11th Cir. 1999). "[A] judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1309 (10th Cir. 1994).

We, therefore, must vacate all the district court's post-removal orders, as other circuits have done in similar circumstances. In *Brown*, for instance, after determining that the district court had improvidently allowed a case to be removed from state court which was then consolidated with a pending case over which the court did have jurisdiction, the Third Circuit held that "any post-removal actions taken by the court in this case were . . . ineffectual." 75 F.3d at 867. The circuit court determined it was necessary to "vacate any orders entered by the district court that were entered after the . . . case was removed to the district court and in which the district court purported to exercise jurisdiction over both [of the consolidated cases]." *Id.* at 866. The appellate court directed the district court on remand to separate the consolidated cases and then remand the removed case to the state court. *Id.* at 867.

Similarly, after concluding that a case had been improvidently removed because the district court lacked subject matter jurisdiction, the Fifth Circuit in *Laughlin v. Prudential Insurance Co.*, 882 F.2d 187, 192 (5th Cir. 1989), vacated "all actions taken by the district court, including the granting of summary

-17-

judgment dismissing the claims against [one defendant]," and directed the district court to remand the case to the state court. *See also, ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) (holding that because district court lacked jurisdiction over improvidently removed case, it did not have power to join a party-defendant, and remanding with instructions to vacate joinder order and remand case to state court); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995) (per curiam) (holding that district court was "without authority to enter its orders" in improvidently removed case, and vacating all district court orders and directing district court to remand case to state court).

Accordingly, we AFFIRM the district court's holding that no subject matter jurisdiction exists because of a lack of diversity. We VACATE all post-removal orders entered by the district court, including those granting full or partial summary judgment in favor of Hamilton Brothers Petroleum Corp., BHP Petroleum Great Britain PLC, or Scott Cunningham, and including the order consolidating the removed case against Hamilton Brothers Petroleum Corp. and BHP Petroleum Great Britain PLC with the federal case against BHP Petroleum (UK) Corp. We REVERSE the district court's dismissal of the removed case and we REMAND the matter to the district court with directions to remand the

-18-

removed case to state court. [6] On remand, the district court is DIRECTED to remedy the clerical error contained in its supplemental judgment of November 15, 2004.

---

[6]     In *Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*, 999 F.2d 745 (3d Cir. 1993), the circuit court considered a situation similar to that here, where a removed state court case was consolidated with a case filed in federal court and the district court later determined that it lacked subject matter jurisdiction over both the state and federal parts of the consolidated case. The court held that the district court should not have remanded both parts to the state court, but should have "appl[ied] the rules pertaining to dismissal and remand[ed] as if the cases had retained their separate identities and had never been consolidated. . . . [T]he district court should have remanded the removed case to state court and dismissed the case . . . originally filed in federal court." *Id.* at 751.

Here, the district court determined in its November 9, 2004 order that it lacked subject matter jurisdiction over the claims against BHP Petroleum (UK) Corp. in Civil Case No. 01-RB-777, which were initiated in federal court. The district court ordered the claims dismissed without prejudice, and no party has appealed that ruling. The remand to state court we contemplate here will not affect that ruling.

The supplemental judgment of November 15, 2004 referred to the dismissal of the claims against BHP Petroleum (UK) Corp. and, as we mentioned in footnote 3 above, mistakenly omitted the lack of subject matter jurisdiction as a ground for dismissal. This omission needs to be remedied with respect to the dismissal of Civil Case No. 01-RB-777 as well. We also note that the November 15 supplemental judgment contemplated the entry of a separate judgment in Civil Case No. 01-RB-777, but the district court's docket sheet does not reflect that a separate judgment has ever been entered in that case.

-19-