FILED
United States Court of Appeals
Tenth Circuit

November 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AIR CENTURY SA, a Dominican
Republic corporation,

        Plaintiff-Appellant,

v.

ATLANTIQUE AIR ASSISTANCE,
a French corporation,

        Defendant-Appellee,

and

INSURED AIRCRAFT TITLE
SERVICE, INC., an Oklahoma
corporation,

        Defendant.

No. 10-6253
(D.C. No. 5:08-CV-01324-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Air Century, SA (Air Century) relied on diversity jurisdiction, 28 U.S.C. § 1332(a)(2), when it sued Atlantique Air Assistance (Atlantique) and Insured Aircraft Title Services, Inc. (IATS) for breach of contract in the United States District Court for the Western District of Oklahoma. Unfortunately, § 1332(a)(2) did not provide jurisdiction; complete diversity is lacking because Air Century and Atlantique are both foreign corporations with principal places of business outside the United States, and therefore are both foreign citizens. Nevertheless, in the district court the parties assumed (and stipulated to) the existence of diversity jurisdiction. Instead of challenging diversity, Atlantique sought and was awarded dismissal for lack of personal jurisdiction. Air Century stipulated to the dismissal with prejudice of its claims against IATS and then appealed the dismissal of its claims against Atlantique.

Belatedly noticing the diversity issue early in the appeal, Atlantique moved to dismiss for lack of subject-matter jurisdiction. In response, Air Century conceded that the district court had never had subject-matter jurisdiction. It requested that this court (1) vacate the district court's order dismissing Atlantique for lack of personal jurisdiction and (2) dismiss this appeal. The dismissal motion and all related filings were referred to this panel for decision. The parties reiterated their jurisdictional positions in their merits briefs.

We have jurisdiction to consider this matter under 28 U.S.C. § 1291, *see Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1243 n.4

(10th Cir. 2005) (noting, in case where diversity was absent, that the district court's orders were final and appealable), as well as the established principle that a court always has jurisdiction to consider its jurisdiction, *see Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1204 (10th Cir. 2004). Thus, we need not dismiss the appeal, even though the lack of subject-matter jurisdiction means that we cannot reach the merits of the parties' dispute, *see Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 800 (10th Cir. 2000).

Atlantique urges us to leave undisturbed the district court's dismissal for lack of personal jurisdiction because the Supreme Court has held that there is no priority between subject-matter jurisdiction and personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-88 (1999). In following *Ruhrgas AG*, however, this court has chosen to address subject-matter jurisdiction first where resolving that question is the easier route. *See Gadlin*, 222 F.3d at 799. In this case, diversity is the easier issue.

Section 1332(a)(2) requires complete diversity. *See Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 465 (10th Cir. 1990). But "the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)." *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) (stating, in case involving both state and foreign citizens as plaintiffs and a foreign citizen as defendant, that because "aliens were

on both sides of the case, . . . the requisite diversity was therefore absent"); *Ruhrgas AG*, 526 U.S. at 584 (same); *Cunningham*, 427 F.3d at 1242, 1244 (noting that the district court never had jurisdiction because a partnership was the real party-plaintiff in interest; its citizenship rested on its partners, one of whom was a foreign citizen; and a defendant was also a foreign citizen); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000) (assuming without deciding that § 1332(a)(2) was not satisfied where a foreign citizen sued a foreign citizen and a state citizen). Because Air Century and Atlantique are undisputedly both foreign citizens, complete diversity never existed.

Under these circumstances, the district court "had no power to rule on any substantive motions or to enter judgment in the case," and all of its orders must be vacated. *Cunningham*, 427 F.3d at 1245. In light of the lack of subject-matter jurisdiction, "we need not address the district court's rulings on personal jurisdiction." *Gadlin*, 222 F.3d at 800.

The motion to dismiss the appeal is DENIED. The district court's orders are VACATED, and this matter is REMANDED with instructions for the district court to DISMISS the case for lack of subject-matter jurisdiction.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-4-

10-6253, Air Century SA v. Atlantique Air Assistance

**LUCERO**, J., dissenting.


The district court dismissed this action for lack of jurisdiction, and all of us agree that the district court lacked jurisdiction.  Rather than affirming, however, the majority vacates the district court's dismissal and orders it to re-dismiss the case on other grounds.  Because this curious disposition contravenes an age-old principle of appellate review, I respectfully dissent.

Our court articulated this rule a half-century ago:

> [I]t is consistently held that an order or judgment which is correct in ultimate effect will not be disturbed on appeal even though the lower tribunal relied upon a wrong ground or gave an untenable reason for its action.  The issue on appeal is the correctness in ultimate effect of an order or judgment, not the reason or reasons given therefor by the trial court.  And if an order or judgment is sustainable upon any legal basis, it will be upheld on appeal despite the erroneous or untenable reasons given by the trial court or lower tribunal for its entry.

First Nat'l Bank v. Luther, 217 F.2d 262, 266 (10th Cir. 1954) (citations omitted); see also Helvering v. Gowran, 302 U.S. 238, 245 (1937) ("In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."); Williams v. Norris, 25 U.S. (12 Wheat.) 117, 120 (1827) (Marshall, C.J.) ("If the judgment [of the lower court] should be correct, although the reasoning, by which the mind of the Judge was conducted to it, should be

deemed unsound, that judgment would certainly be affirmed in the superior Court.").

We have uniformly applied this principle when reviewing dismissals for lack of jurisdiction.  See, e.g., Robert Gay Energy Enters., Inc. v. State Corp. Comm'n, 753 F.2d 857, 862 n.5 (10th Cir. 1985); see also Tast v. Dean, 182 F. App'x. 748, 748-49 (10th Cir. 2006) (unpublished); Muchnick v. Colorado, 106 F. App'x 659, 660 (10th Cir. 2004) (unpublished); United States ex rel. Schwartz v. Coastal Healthcare Group, Inc., 232 F.3d 902 (10th Cir. 2000) (unpublished table decision).

The majority offers no justification for its departure from this well-settled rule.  It cites Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir. 2005), for the proposition that a court without subject matter jurisdiction has "no power to rule on any substantive motions," but the district court did not do that here—it merely dismissed for lack of jurisdiction.  Nor does Gadlin v. Sybron International Corp., 222 F.3d 797 (10th Cir. 2000), justify the majority's break from established principle.  Our vacatur in that case was justified by the district court's ultra-jurisdictional consideration of the statute of limitations.  See id. at 798.

Seeing no reason to stray from the well-established rule, I would simply affirm the district court's dismissal on other grounds.

-2-