LUCERO, J.,
dissenting.
The district court dismissed this action for lack of jurisdiction, and all of us agree that the district court lacked jurisdiction. Rather than affirming, however, the majority vacates the district court’s dismissal and orders it to re-dismiss the case on other grounds. Because this curious disposition contravenes an age-old principle of appellate review, I respectfully dissent.
Our court articulated this rule a half-century ago:
*882 [I]t is consistently held that an order or judgment which is correct in ultimate effect will not be disturbed on appeal even though the lower tribunal relied upon a wrong ground or gave an untenable reason for its action. The issue on appeal is the correctness in ultimate effect of an order or judgment, not the reason or reasons given therefor by the trial court. And if an order or judgment is sustainable upon any legal basis, it will be upheld on appeal despite the erroneous or untenable reasons given by the trial court or lower tribunal for its entry.
First Nat’l Bank v. Luther, 217 F.2d 262, 266 (10th Cir.1954) (citations omitted); see also Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937) (“In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.”); Williams v. Norris, 25 U.S.(12 Wheat.) 117, 120, 6 L.Ed. 571 (1827) (Marshall, C.J.) (“If the judgment [of the lower court] should be correct, although the reasoning, by which the mind of the Judge was conducted to it, should be deemed unsound, that judgment would certainly be affirmed in the superior Court.”).
We have uniformly applied this principle when reviewing dismissals for lack of jurisdiction. See, e.g., Robert-Gay Energy Enters., Inc. v. State Corp. Comm’n, 753 F.2d 857, 862 n. 5 (10th Cir.1985); see also Tast v. Dean, 182 Fed.Appx. 748, 748-49 (10th Cir.2006) (unpublished); Muchnick v. Colorado, 106 Fed.Appx. 659, 660 (10th Cir.2004) (unpublished); United States ex rel. Schwartz v. Coastal Healthcare Group, Inc., 232 F.3d 902 (10th Cir.2000) (unpublished table decision).
The majority offers no justification for its departure from this well-settled rule. It cites Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir.2005), for the proposition that a court without subject matter jurisdiction has “no power to rule on any substantive motions,” but the district court did not do that here — it merely dismissed for lack of jurisdiction. Nor does Gadlin v. Sybron International Corp., 222 F.3d 797 (10th Cir.2000), justify the majority’s break from established principle. Our vacatur in that case was justified by the district court’s ultra-jurisdictional consideration of the statute of limitations. See id. at 798.
Seeing no reason to stray from the well-established rule, I would simply affirm the district court’s dismissal on other grounds.