**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES L. BROOKS,

    Plaintiff - Appellant,

v.

BANK OF NEW YORK MELLON
TRUST COMPANY; J.W. COLE
FINANCIAL SERVICES;
NATIONAL FINANCIAL
SERVICES, LLC; TRANS
AMERICA LIFE INSURANCE CO.;
LEND NATION; FEDERAL TRADE
COMMISSION; INTERNAL
REVENUE SERVICE; STATE OF
KANSAS,

    Defendants - Appellees.

No. 24-3137
(D.C. No. 2:24-CV-02188-KHV-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal arises from a pro se litigant's unwillingness to use his Social Security Number with financial institutions. Declining to use that number, he was unable to cash checks when his mother and wife died. He sued the financial institutions, the State of Kansas, and the Federal Trade Commission. The district court dismissed the action based on a lack of federal jurisdiction. The plaintiff appeals, but none of his appellate points cast doubt on the district court's jurisdictional ruling. So we affirm.

## 1.    Judicial Power of the United States

The plaintiff contends that the district court had jurisdiction because the federal judicial power applies. But jurisdiction exists only if the case falls within both (1) the judicial power of the United States *and* (2) the scope of a jurisdictional statute. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). And the plaintiff does not challenge the district court's conclusion that it lacked statutory jurisdiction. The absence of statutory jurisdiction would prevent reversal even if the federal judicial power otherwise applied.

## 2.    Eleventh Amendment

The plaintiff also argues that the Eleventh Amendment doesn't apply to claims by citizens against their own states. But the Supreme Court has rejected this argument. *Hans v. Louisiana*, 134 U.S. 1, 10–21 (1890). We're bound by the Supreme Court's decisions, so we too must reject this argument.

2

**3.**    **Jurisdiction of the Supreme Court**

In addition, the plaintiff argues that the Supreme Court has original jurisdiction when one of the parties is a state. But the plaintiff filed this action in district court rather than the Supreme Court. As a result, the scope of the Supreme Court's original jurisdiction has no bearing on our issues.

**4.**    **Non-Jurisdictional Arguments**

The plaintiff also argues that

- the financial institutions failed to act in good faith in violation of the Contracts Clause,

- a conspiracy exists to prevent payment of inheritances,

- the federal judiciary and banking system have become politically weaponized,

- those institutions are trying to force him to become a socialist,

- he has been "blacklisted" by certain Kansas state courts, Aplt. Br. at 3,

- federal courts are prejudiced against *pro se* parties,

- he was the subject of an unconstitutional bill of attainder,

- the district judge failed to recuse because of her dislike for the Supreme Court's original jurisdiction,

- Social Security is unconstitutional,

- the federal constitution prohibits "Progressives, Liberals, Socialists, Fascists, and Communists" from holding office, *id.* at 7,

- the State of Kansas made factual misstatements about the viability of his Social Security number, and

- the district court prevented him from filing certain briefs and evidence.

But these arguments do not concern the existence of jurisdiction, so we lack the power to address them. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

We therefore affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge