**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DUSTIN J. MERRYFIELD,

    Plaintiff - Appellant,

v.

STATE OF KANSAS,

    Defendant - Appellee.

No. 24-3189
(D.C. No. 5:23-CV-03066-JWB-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Dustin Merryfield is a civilly committed detainee under the Kansas Sexually

Violent Predators Act (KSVPA).  Merryfield filed a lawsuit against the State of

Kansas (the State) asserting constitutional concerns with his confinement.  The

district court ultimately dismissed the case without prejudice for lack of jurisdiction

on Eleventh Amendment immunity grounds.  Merryfield then filed a motion for leave

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to amend the complaint.  The district court denied the motion without prejudice.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

In March 2023, proceeding pro se,[1] Merryfield filed a civil rights complaint

under 42 U.S.C. § 1983 premised on constitutional concerns over the KSVPA.  He

alleged his First and Fourteenth Amendment rights were violated during the KSVPA

annual review procedure and sought declaratory and injunctive relief.  The State filed

a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  After

the response and reply were filed, the district court issued an order asking the State to

establish whether it was waiving or asserting Eleventh Amendment immunity.  The

State then filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of

jurisdiction based on Eleventh Amendment immunity grounds.

In the Rule 12(b)(1) motion, the State asserted Eleventh Amendment immunity

as to any money damages.  The district court concluded that because the State did not

argue that Merryfield's complaint was deficient for failing to name and seek the

declaratory and injunctive relief from a particular state official, it had waived its

Eleventh Amendment immunity.  The district court granted the motion to dismiss in

part and denied it in part (the June Order).

Both parties filed motions for reconsideration.  As relevant here, the State

argued that the district court cannot determine waiver of Eleventh Amendment

---

[1] As a pro se litigant, we construe Merryfield's pleadings liberally but do not
act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

immunity absent an express statement by the State of its intent to submit to the federal court's jurisdiction. In November 2024, the district court agreed and granted the State's motion to reconsider, denied Merryfield's motion to reconsider as moot, and dismissed the case without prejudice (the November 12 Order).

Merryfield then filed a motion for leave to amend the complaint. The district court denied the motion without prejudice (the November 20 Order) because the judgment had been entered. Merryfield appealed.

## II.    Discussion

Merryfield raises two issues on appeal. First, he contends the district court erred in dismissing his complaint without first granting him leave to amend it. And second, he challenges the district court's determination that he had no right to effective assistance of counsel during his annual review under KSVPA.

Merryfield's arguments on the second issue focus on the June Order dismissing the case in part under Rule 12(b)(6). But a challenge to a ruling in the June Order is not properly before this court for two reasons. First, it was superseded by the November 12 Order dismissing the case on Eleventh Amendment immunity grounds after the district court granted the State's motion for reconsideration. And second, an order entered without jurisdiction is "a nullity." *See Hunt v. Lamb*, 427 F.3d 725, 727 n.1 (10th Cir. 2005); *see also Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) ("A court may not exercise authority over a case for which it does not have subject matter jurisdiction." (ellipsis and internal quotation marks omitted)).

3

We review a district court's dismissal for lack of subject matter jurisdiction de novo, though we "review findings of jurisdictional facts for clear error." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). And we review the denial of a post-judgment motion for leave to amend a complaint for abuse of discretion. *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (per curium). "An abuse of discretion occurs when the district court's decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (internal quotation marks omitted). Thus, we will not disturb the district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* at 1504 (internal quotation marks omitted).

Merryfield does not directly challenge the district court's Eleventh Amendment immunity conclusions, but he does challenge the dismissal. Since the immunity determination is the underlying basis for the dismissal, as well as the denial of leave to amend the complaint, we first address the Eleventh Amendment immunity determination.

The Eleventh Amendment bars federal suits against states and state agencies for any kind of relief, subject to certain exceptions. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). For example, it does not prohibit suits brought against state officials in their official capacities for prospective relief based on the official's actions in violation of federal law. *See Frank v. Lee*, 84 F.4th

1119, 1131 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1349 (2024).  Suits against the state are also allowed if Congress has expressly abrogated Eleventh Amendment immunity.  *Id.*  Finally, a state may waive Eleventh Amendment immunity by consenting to the suit.  *Id.*  Such waiver by consent, however, is strictly construed in favor of the state.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  And courts find Eleventh Amendment immunity "waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction."  *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (internal quotations and parenthesis omitted).

Here, Congress has not abrogated Eleventh Amendment immunity.  Nor did the State unequivocally express or use language consenting to suit or supporting an overwhelming implication of consent to suit.  No exceptions apply here, so we conclude the State did not waive its Eleventh Amendment immunity.  The district court properly dismissed the case for lack of subject matter jurisdiction.

Turning now to Merryfield's challenge to the district court's denial of leave to amend the complaint, he contends that in the context of a Rule 12(b)(6) dismissal, it was improper to dismiss his complaint without first giving him an opportunity to amend it.  He also argues it was error to allow the State to file a second Rule 12 motion.

Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  But Merryfield did not ask to amend until after the district court entered judgment.  The case was closed, and Merryfield did not move to set

aside the judgment under Rule 59(e) or Rule 60(b). *See Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) ("The fact that a party desiring to amend after judgment has been entered is obliged first to obtain relief from the judgment imposes some important restrictions on the ability to employ Rule 15(a)." (internal quotation marks omitted)). Under these circumstances, we see no abuse of discretion.

As for the second Rule 12 motion under Rule 12(b)(1), Merryfield's argument has no merit. A federal court has an "obligation to satisfy itself" of its subject matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). So a challenge to the court's subject matter jurisdiction can be raised at any time in the litigation, including on appeal. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). The district court did not err by considering the second Rule 12 motion.

## III.    Conclusion

For the foregoing reasons, we affirm the district court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

6